UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE PEARSON,

    Plaintiffs,

CASE NO:

vs.

ARMADA REAL ESTATE AND
INVESTMENT COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Joanne Pearson ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Armada Real Estate and Investment Company for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Michigan pursuant to

28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Michigan.

3. Plaintiff, Joanne Pearson (hereinafter referred to as "Pearson") is a resident of Huntsville, Alabama and is a qualified individual with a disability under the ADA. Pearson is from Roseville, Michigan and has friends and family who reside in Roseville and travels to Roseville multiple times each year. Pearson suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from lupus, has severe nerve damage and requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action on or about June 26, 2015, Pearson visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to the lack of compliance with the ADA. Pearson continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Armada Real Estate and Investment Company, is a corporation registered to do business and, in fact, conducting business in the State of Michigan. Upon information and belief, Armada Real Estate and Investment Company (hereinafter referred to as "Armada") is retail property management company and is the

owner, lessee and/or operator of the real property and an improvements that are the subject of this action, specifically the Eastgate Shopping Center located at 26380 Eastgate in Roseville, Michigan (hereinafter referred to as the "Shopping Center").

5. All events giving rise to this lawsuit occurred in the Eastern District of Michigan.

### COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned by Armada is a place of public accommodation in that is it a retail Shopping Center operated by private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned by Armada. Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that they are unable to and continues to be discriminated against due to the barriers to access which remain at the Shopping Center in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Armada is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) Many parking spaces designated as accessible lack adjacent access aisles necessary for a wheelchair user to enter or exit a vehicle;

(ii) Many parking spaces designated as accessible lack raised signage;

(iii) Not enough accessible parking spaces and van accessible parking space are provided;

(iv) Accessible parking spaces are not properly dispersed to be on the shortest accessible route to all tenant spaces.

(v) Accessible paths of travel are often obstructed to some tenant spaces due to merchandise displayed on sidewalks;

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by Armada that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Armada was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Armada has failed

to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Armada pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Armada and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the

        Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of October 2015.

        Respectfully submitted,

By:   /s/ Edward I. Zwilling
       Edward I. Zwilling, Esq.
       Bar No.: ASB-1564-L54E
       Schwartz Roller & Zwilling
       600 Vestavia Parkway, Suite 251
       Birmingham, Michigan 35216
       Telephone: (205) 822-2701
       Facsimile: (205) 822-2702
       Email: ezwilling@szalaw.com

By:   /s/ Steven M. Hyder
       Steven M. Hyder (P69875)
       The Hyder Law Firm
       824 S. Monroe Street
       Monroe, MI 48161
       Telephone: (734)241-6611
       Email: hyders@hyderlawfirm.net